IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14CV137-RLV

| | |
|---|---|
| ALVIN LINEBERGER )<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOU-BER YANG, )<br>JAMIE LOWE, )<br>BRIAN CLONINGER, )<br>NEWTON POLICE DEPT., )<br>Defendants. )<br>_____) | O R D E R |

**THIS MATTER** is before the Court *sua sponte* with reference to Plaintiff's *in forma pauperis* ("IFP") status. Plaintiff Alvin Lineberger's ("Lineberger") *Pro Se* Complaint alleges violation of his civil rights pursuant to 42 U.S. C. § 1985 by Defendants Tou-Ber Yang, Jamie Lowe, Brian Cloninger, and the Newton Police Department (collectively "Defendants"). (Doc. 14).

On September 24, 2014, after requiring Lineberger to supplement his original IFP application, the Court found as follows: "Plaintiff does not have sufficient resources from which to pay the entire $400 filing fee associated with bringing this action. However, it appears that the Plaintiff does have sufficient resources from which to pay a partial filing fee of $50."[1] (Doc. 6). Accordingly, Plaintiff's Application to Proceed Without Prepayment of Fees was granted in part and denied in part. Id. On October 9, 2014, Plaintiff Lineberger submitted partial payment of the filing fee in the amount of $50.

On January 9, 2015, Lineberger agreed to voluntarily participate in ("opted in") the

---

[1] Lineberger's original IFP application was filed August 19, 2014. (Doc. 2). On September 15, 2014, Lineberger supplemented his application pursuant to the Court's directive. (Doc. 5).

district's Pro Se Settlement Assistance Program ("PSAP"). (Doc. 25). The PSAP, established in 2013, is a pilot program designed to provide legal representation to *pro se* litigants at settlement conferences held during the initial phase of the case.[2] On January 27, 2015, Attorney Michael P. Thomas, of Patrick, Harper & Dixon, in Hickory, North Carolina, sought a court referral to the PSAP and simultaneously moved for his appointment as PSAP counsel for Plaintiff Lineberger. (Doc. 31). U.S. Magistrate Judge David C. Keesler issued the PSAP Order of Referral and appointed Thomas solely for purposes of Lineberger's participation in the PSAP. (Doc. 31, ¶ 2).

On February 10, 2015, the parties designated Attorney R. Jason White, of Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A., in Hickory, North Carolina, as the chosen mediator. (Doc. 32). The mediation deadline was set for April 2, 2015. (Doc. 31). Although a Mediator's Report has not been filed yet, the Court is advised informally by court personnel that mediation was undertaken and conducted by Attorney White. Reportedly, a dispute has arisen concerning Lineberger's indigency status and particularly Lineberger's ability to pay a portion of the mediator's fee.

Under North Carolina's rules governing mediation ("NC Mediation Rules"), adopted by this federal court via the Western District's Local Rules, L. Cv. R. 16.3, if a *pro se* litigant is declared indigent, the indigent litigant's portion of the mediation cost is waived. *See* NC Mediation Rule, 7, E (2014) ("No person ordered to attend a mediation found to be indigent . . . shall be required to pay a share of the mediator's fee."). In fact, paragraph five of the motion seeking appointment of PSAP counsel in this case expressly states:

> The Pro Se Litigant also acknowledges that he will be required to pay a portion of the costs of mediation, including the mediator's fee, **unless the Court determines that he is indigent** or has reached some other agreement with the other party or parties to his case regarding payment of these costs.

---

[2] *See In The Matter Of Adopting A Pro Se Settlement Assistance Program*, Misc. Case No. 3:13MC134, October 21, 2013.

(Doc. 30, ¶ 5) (emphasis provided). Because the undersigned granted Lineberger's IFP application in part and denied it in part, the Court's September 24, 2014 Order is unclear on this point. In other words, this Court has not decidedly found that Lineberger should be deemed indigent *for all purposes of litigation*, including other costs attendant to prosecution of this lawsuit (*e.g.*, cost of mediation).[3] For this reason, the undersigned seeks to clarify its September 24, 2014 Order and provide guidance to the parties on this issue.

**IT IS, THEREFORE, ORDERED** that, <u>**on or before Friday, May 29, 2015**</u>, Plaintiff Lineberger shall provide updated personal financial information (including a sworn affidavit) to the Court, to be filed <u>under</u> <u>seal</u>, so the Court may revisit the indigency status of Plaintiff Lineberger.

Signed: May 14, 2015

Richard L. Voorhees
United States District Judge

---

[3] Absent Lineberger obtaining further specific relief from this Court, or Lineberger entering into some other agreement concerning his portion of the costs of mediation, Lineberger is responsible for his share of that cost.