**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

**Civil Action No. 5:14-cv-137**

| | |
|---|---|
| **ALVIN LINEBERGER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| | )  **Consent Protective Order** |
| **TOU-BER YANG, JAMIE LOWE,** | ) |
| **BRIAN CLONINGER, and NEWTON** | ) |
| **POLICE DEPARTMENT** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of counsel, and deeming it just and proper to do so, the Court enters the following Order: This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personnel information pursuant to N.C. Gen. Stat. § 160A-168 which is not generally accessible to the public.

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein means:

    a. All information and documents made confidential by N.C. Gen. Stat. § 160A-168;

    b. Any documents or information which are contained in a personnel file maintained by any party;

    c. Any documents or information of medical, financial or personal nature which are not generally accessible to the public; and

   d. Any documents or information that any party has designated as confidential in the normal course of business.

  2. Any party producing documents may designate the documents as Confidential Information by marking each page of the document "CONFIDENTIAL." Alternatively, when producing a multi-page document, all of which it contends is Confidential Information, a party may designate the entire document as Confidential Information by marking the cover page "CONFIDENTIAL." The confidential documents shall be disclosed only for official use in this action, and for no other purpose. In consideration for the agreement to permit documents to be designated as confidential without a document by document analysis by the Court, the parties agree that they will not withhold documents on the basis of confidentiality, except with respect to documents falling under a privileged recognized under federal law.

  3. Certain information disclosed at the deposition of any witness, including any party, may be designated as Confidential Information by indicating on the record at the deposition that the specific testimony is Confidential Information subject to the provisions of this Order. Alternatively, a party or witness may designate information disclosed at such deposition as Confidential Information by notifying all parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the parties, of the specific pages and lines of the transcript which are deemed Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as Confidential Information for a period of thirty (30) days after a full and complete transcript of the deposition is available or other date as agreed upon by the parties.

4. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

   a. Any party to this action;

   b. Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in preparation of this action;

   c. Agents, representatives and employees of either party, as is necessary to prepare this case for litigation;

   d. Subject to the provision of ¶ 5 below, independent experts employed by counsel for the purpose of assisting in this action;

   e. The court, appellate court, court reporter and courtroom personnel at any deposition, pretrial hearing, or other proceedings held in connection with this action;

   f. Subject to ¶ 5 below, any potential witness as necessary to prepare this case for litigation; provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential Information; and that no Confidential Information may be disclosed to any person under this paragraph – except during a deposition, at trial, or when such witness is otherwise testifying -- until such person has read and signed a copy of this Order, thereby indicating his/her willingness to be bound by its provisions, which shall be maintained in confidence by the disclosing party subject to any order of disclosure by the court;

   g. Any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing.

5. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

   a. Any person described in subparagraphs 4(a), (b), (c), (e), and (g) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

   b. Prior to making disclosures to any person under the terms set forth in subparagraph 4(d) and (f) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by the this Order. The parties shall obtain from such persons a written statement in the form of <u>Exhibit A</u>, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained; provided, however, the disclosing party shall have no obligation to disclose such records to the opposing party or any other person unless ordered to do so by the Court. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable, but excluding any materials which in good faith judgment of counsel are work product materials. Counsel shall be permitted to maintain a file copy of all the documents subject to the terms of this Order.

6. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

7. No CONFIDENTIAL INFORMATION produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

8. If any such confidential documents or information are used in connection with a deposition or other discovery or documents filed with the court, or are quoted or referenced in any memorandum, pleading or other paper filed with the court, the deposition transcript, filing or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

9. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation. If a confidentiality designation is challenged, the party seeking to designate a document as confidential shall have the burden of proof with regard to that designation.

10. The inadvertent, unintentional or <u>in camera</u> disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11. Within fifteen (15) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all confidential documents produced pursuant to this Order (including all xeroxed copies of the same) to the party producing said documents or shall destroy the same with a written certification by the party's counsel of record that all such documents and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

IT IS SO ORDERED.

Signed: February 23, 2016

David C. Keesler
United States Magistrate Judge

# **EXHIBIT A**

## **Agreement concerning materials covered by a Protective Order entered in the United States District Court for the Western District of North Carolina.**

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2016, in the Civil Action No. 5:14-CV-00137, and understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to this Protective Order and understands (1) the violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)

_____
(Signature)

Subscribed and sworn before me,

This _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My commission expires:_____