# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:14-CV-137-RLV-DCK

| | |
|---|---|
| ALVIN LINEBERGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER AND MEMORANDUM** ) **AND RECOMMENDATION** ) |
| NEWTON POLICE DEPARTMENT; JAMIE LOWE; TOU-BER YANG and BRIAN CLONINGER, | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 51). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Plaintiff Alvin Lineberger ("Plaintiff" or "Lineberger"), appearing *pro se*, initiated this action with the filing of a form Complaint (Document No. 1) on August 19, 2014. Plaintiff's Complaint was filed pursuant to 42 U.S.C. §1985, and alleges violations of his civil rights by the Newton Police Department and several of its officers. (Document No. 1).

On December 3, 2014, Defendant Sonnie Yang filed a "Motion To Dismiss and Answer to Complaint" (Document No. 11). Sonnie Yang's filing asserted that he was not involved in the underlying incident. (Document No. 11). The remaining Defendants, through counsel, filed a

"Motion For Extension Of Time For Defendants To Answer Or Otherwise Plead" (Document No. 12) on December 5, 2014.  The Court allowed the parties additional time.  (Document No. 13).

On December 15, 2014, prior to Defendants' filing deadline, Plaintiff filed an "Amended Complaint" (Document No. 14).  The Amended Complaint withdrew three (3) Defendants named in the original Complaint.  (Document No. 14).  Defendants then filed their "Answer To Amended Complaint" (Document No. 23) on December 23, 2014.

The parties participated in a Mediated Settlement Conference on March 24, 2015, pursuant to the Court's Pro Se Settlement Assistance Plan ("PSAP"), but the mediation resulted in an impasse.  (Document No. 34).

The Court issued its "Pretrial Order And Case Management Plan" (Document No. 38) on August 4, 2015.  The "…Case Management Plan," *inter alia*, set the following deadlines: discovery – January 1, 2016;  motions – February 1, 2016;  and trial September 12, 2016.

On September 10, 2015, attorneys James E. Ferguson, II and Tiffany Nicole Mack entered notices of appearance as counsel for Plaintiff.  (Document Nos. 39 and 40).

Following extensions, the current deadlines are:  discovery – April 1, 2016;  motions – May 1, 2016;  and trial September 12, 2016.  (Document No. 44).  After completing discovery, Plaintiff, through counsel, filed the pending "…Motion For Leave To File Amended Complaint" (Document No. 51) on April 21, 2016.

Defendants' "Response In Opposition To Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 53) was filed on April 27, 2016.  A few days later, on May 1, 2016, "Defendants' Motion For Summary Judgment" (Document No. 54) was filed, seeking dismissal of all of Plaintiff's claims.  On May 4, 2016, Defendants filed a "Motion To Supplement Response…" (Document No. 55), apparently to remind the Court that they had filed a summary

2

judgment motion and that certain case deadlines had passed. (Document No. 55). Defendants' proposed Supplement also states that the deadline to amend pleadings, pursuant to the "…Case Management Order," had expired on September 30, 2015. (Document No. 55, pp.1-2). Although "Defendants' Proposed Rule 26(f) Report" suggested a deadline of September 30, 2015 to join additional parties or amend pleadings, it does not appear that the "…Case Management Order" included any deadline to amend pleadings. See (Document No. 37, p.2; Document No. 38). The Court denied Defendants' "Motion To Supplement..." (Document No. 55) on May 4, 2016. (Document No. 56).

"Plaintiff's Reply…" (Document No. 57) in support of the pending motion to amend was filed on May 9, 2016. As such, that motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or

3

denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

Plaintiff, through counsel, now seeks leave to file a Second Amended Complaint. (Document No. 51). Plaintiff asserts that amendment "is necessary to clarify the facts, the claims and the law that Plaintiff was not experienced enough to allege as a pro se party." (Document No. 51-1, p.3). Plaintiff asserts that the proposed Amended Complaint will remedy the lack of clarity and other deficiencies in the hand-written, form Complaints filed by Plaintiff without the assistance of counsel. Id. Plaintiff notes that the proposed amendment also withdraws the previous claims against Defendant Brian Cloninger, and drops him from this lawsuit – an issue discussed between counsel on or about March 3, 2016. (Document No. 51-1, p.2).

In addition, Plaintiff notes that his counsel "has engaged in extensive discovery to uncover additional facts as well as the policies, procedures and customs of the Newton Police Department." (Document No. 51-1, p.3). Plaintiff contends that the discovered additional pertinent facts "give rise to various claims that arose out of the same conduct, transactions, and occurrences set forth in the original pro se Complaint." (Document No. 51-1, pp.3-4).

Defendants contend that the proposed amendment is "untimely, prejudicial to Defendants, futile, and unwarranted under the Rules of Civil Procedure." (Document No. 53, p.1). Defendants argue that Plaintiff has unduly delayed bringing the requested amendment. (Document No. 53, p.3). Defendants also argue that the timing of the instant motion causes them prejudice "under the terms of the Scheduling Order." (Document No. 53, p.4). "Plaintiff has not shown why the amendment could not have been requested earlier by diligent efforts and **the only way to allow**

4

**amendment without prejudice to Defendants would be to change the Scheduling Order**." (Document No. 53, pp.3-4) (emphasis added).

In addition, Defendants note that the proposed amendment adds ten (10) causes of action, and that some of these claims are futile because the supporting allegations were not alleged in the original Complaint(s). (Document No. 53, pp.5-7).

In reply, Plaintiff argues that Plaintiff did not unduly delay in bringing this motion to amend. (Document No. 57, pp.4-5). Rather, the full discovery period was needed to gather information to support the proposed amendment. Plaintiff notes that the Fourth Circuit has found "good cause" where some of the evidence needed by a plaintiff to prove his or her claim did not surface until after the amendment deadline. (Document No. 57, p.5) (citing In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litigation, 19 F.3d 1429, 1994 WL 118475, at *11 (4th Cir. 1994))

Plaintiff further argues that the proposed Second Amended Complaint arose out of the same conduct, transaction, or occurrence set forth in both the *pro se* Complaint and *pro se* Amended Complaint. (Document No. 57, p.9) (citing Fed.R.Civ.P. 15(c)(2)).

The undersigned finds Plaintiff's arguments to be compelling. Moreover, as suggested by Defendants, most if not all of the prejudice they might suffer as a result of allowing the instant motion can be cured by revising the Case Management Plan. In short, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motion, the undersigned finds that Plaintiff's motion to amend should be granted.

Therefore, because the undersigned will order Plaintiff to file a Second Amended Complaint which supersedes the previous Complaint, the undersigned will respectfully recommend that "Defendants' Motion For Summary Judgment" (Document No. 54) be denied as

moot. This recommendation is without prejudice to Defendant filing a renewed dispositive motion later, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To File Amended Complaint" (Document No. 51) is **GRANTED**. Plaintiff shall file his Second Amended Complaint on or before **May 16, 2016**.[1]

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**IT IS FURTHER ORDERED** the deadline to file dispositive motions is extended to **June 17, 2016**.

**IT IS RESPECTFULLY RECOMMENDED** that "Defendants' Motion For Summary Judgment" (Document No. 54) be **DENIED AS MOOT**, without prejudice to re-file.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO ORDERED**.

Signed: May 13, 2016

David C. Keesler
United States Magistrate Judge