# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:14-CV-00137-RLV-DCK

| | |
|---|---|
| ALVIN LINEBERGER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NEWTON POLICE DEPARTMENT, ET AL., ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendants' Motion for Summary Judgment (Doc. No. 54) and the Memorandum and Recommendation (the "M&R") of Judge David Keesler (Doc. No. 58). In the M&R, Judge Keesler recommends that the Defendants' Motion be denied-as-moot and *without prejudice* because leave was granted to the Plaintiff to file a Second Amended Complaint. A Second Amended Complaint was filed on May 16, 2016. *See* [Doc. No. 59]. The parties have not filed objections to the M&R, and the time for doing so has expired. *See* Fed. R. Civ. Pro. 72(b)(2).

## II. DISCUSSION

### A. Standard of Review

The Federal Magistrate Act provides that a court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of dispositive motions.]" 28 U.S.C. § 636(b)(1)(B). "[A] district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *accord* Fed. R. Civ. Pro. 72(b)(3). "By contrast, in the absence of a timely

filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee Note).

      B.    <u>Analysis</u>

Under Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), a district court judge shall make a *de novo* determination of any portion of an M&R to which specific written objection has been made. A party's failure to make timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). No objection to the M&R having been filed, and the time for doing so having expired, the parties have waived their right to *de novo* review of any issue discussed in the M&R.

After a careful review of the record, the Court finds that Judge Keesler's M&R is supported by the record and is consistent with and supported by law. Finding no clear error, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own. *See* [Doc. No. 58]. Because the Second Amended Complaint (Doc. No. 59) supersedes the First Amended Complaint (Doc. No. 14), Defendants' Motion for Summary Judgment (Doc. No. 54) is hereby **DENIED-AS-MOOT** and *without prejudice*.

      **SO ORDERED**.

                           Signed: June 10, 2016

*[signature]*

Richard L. Voorhees
United States District Judge